### ELAM BOWMAN *v.* McELROY & BRADFORD.

A mortgage granted by the maker of a note, to one who endorses the note for the maker's accommodation, to secure him against liability, is not an accessory to the principal obligation, but simply a personal indemnity depending on the payment of the note by the endorser.

The endorser, in such a case, would have no cause of action, until he had paid money on his endorsement; and the holder of the note, after judgment against the endorser, could claim no better right under the mortgage than the endorser possessed.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.

*George Sawyer*, for plaintiff. *F. H. Farrar* and *P. P. Farrar*, for opponent and appellant.

DUFFEL, J. On the 18th of December, 1855, *James R. Bisland* sold to *James M. Motlow* all his property, consisting of fifty-eight slaves; and on the 27th of March, 1856, the said *Motlow* transferred the same to *Elam Bowman*. Certain mortgage creditors of *James R. Bisland* having attacked the validity of said conveyances, the District Judge rescinded the same, on the ground of simulation, and this court affirmed that portion of the judgment of the lower court, and ordered the sale of the slaves thus conveyed by *Bisland*, to satisfy the claims of the complainants, according to the rank assigned to each. See 14 An., pp. 587 to 595.

*Wills & Rawlins*, who were not parties to the above proceedings. now come in, by way of third opposition, and claim to share in the proceeds of the sale of the above mentioned slaves, as mortgage creditors, and set out in their petition all the above transfers, and the decree of this court declaring their simulation.

We have just decided, in the third opposition of *D. S. & T. A. Bisland*, in the same suit, their right to plead all such matters without resorting to a direct action *en simulation*.

The third opponents rest their claim on the following facts:

That they became the holders of one of the drafts or bills of exchange described in the mortgage granted by *James R. Bisland* in favor of *Cartwright & Doniphan* on the 30th of May, 1854, to secure them for their liability as accommodation endorsers. See 14 An. p. 587 et seq.

It appears from the evidence, that the third opponents came in possession of said bill of exchange on the 16th of November, 1854; that the same was, at maturity, 26th February, 1855, presented for payment to the acceptors, *McRae, Coffman & Co.*, and duly protested; that judgment was rendered in May, 1856, by the Judge of the First Judicial District of the State of Mississippi, in the county of Adams, against *J. R. Bisland, Cartwright & Doniphan*, and in favor of the third opponents, for the amount, principal and interest of said bill of exchange, say $4,244 68, with five per cent. interest from the date of the judgment, and the costs of suit, and that a return of *nulla bona* was made on the writ issued on said judgment.

<div style="float:right">BOWMAN<br><i>v.</i><br>McELROY.</div>

The third opponents contend, that they are, by the laws of Mississippi, (which, we think, must control the decision of the case,) subrogated to the above recited mortgage, which was solely granted to indemnify *Cartwright & Doniphan.*

The mortgage, or deed of trust, granted in this case, is not an accessory to the principal obligation, but simply a personal indemnity depending on the payment, by the accomodation endorsers, of the bills of exchange described in the deed. C. C. 3257, 3259, 2016.

The right of action remained in suspense until a loss was suffered, and to the extent of such actual loss only. C. C. 2023, 2038.

The endorsers did not subrogate the holders to their mortgage, nor was that mortgage granted to secure the payment of the bills of exchange.

It is therefore clear, that until the endorsers *paid some money* on their endorsement, they had no cause of action ; and such being the case, we cannot well see how the holders can pretend to a better right. Besides, we have not been able to find in the voluminous record before us, the inability of the acceptors to pay their acceptances. *Salaun* v. *Relf*, 4 An. 576 ; *Kirkland* v. *His Creditors*, 7 N. S. 130 ; *Collier* v. *His Creditors*, 12 Rob. 398.

In the case of *McLean* v. *Bagsdale*, 31 Mississippi Rep , p. 703, the court remarked : " Had the plaintiff filed his bill to foreclose immediately after the maturity of the note, it is plain that he could not have recovered, without showing that he had paid the money, because he might thereby collect money under a contract of indemnity where he had suffered no loss, and might never sustain any."

The property of a debtor remains the pledge of his creditors ; and should he dispose of the same, with intent to prejudice them, they have the undoubted right to complain ; but they certainly cannot claim a preference which was never intended, to the exclusion of other creditors. C. C. 1750, 2032 ; C. P. Art. 1.

The judgment of the lower court was one of nonsuit, and the appellees have asked an absolute judgment in their favor. We will decree accordingly.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that ours be against the third opponents, *Wills & Rawlins et al.*, rejecting their demand, at their costs in both courts.